Christopher D. Lee (SBN 310042)
L.A. COMMERCIAL ATTORNEY, APLC
134 E. Valley Blvd.
Alhambra, CA 91801
Tel: 626-782-7383 /Fax: 626-782-7342
Email: christopher@lacommerciallaw.com

Attorneys for Defendant
ELIZABETH YUNHONG ZOU

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCU CASTING CO. INC., a California corporation,<br><br>       Plaintiff,<br><br>   v.<br><br>ELIZABETH YUNHONG ZOU, an individual; ICEMC, INC., a California corporation; CITIBANK, N.A., a National Banking Association; TD AMERITRADE, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No. 2:22-cv-05377 MEMF (AFMx)<br><br>Honorable    Maame    Ewusi-Mensah Frimpong, Judge Presiding<br><br>**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS** |

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

# I.   ANSWER

Defendant ELIZABETH YUNHONG ZOU ("Defendant"), through her undersigned counsel, hereby answers Plaintiff/Counter-Defendant ACCU CASTING CO. INC.(hereinafter "Plaintiff" or "ACCU")'s First Amended Complaint and asserts affirmative defenses as follows:

## THE PARTIES

1.   Admitted.

2.   It is denied that Plaintiff owns the purported tools and molds, and that Plaintiff has two foundries in China. Admitted as to the remainder of the paragraph.

3.   It is admitted as to Defendant's stock ownership in ACCU, her residency in Maryland, and her titles as CFO and director of ACCU. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

4.   Admitted.

5.   Denied.

6.   Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

7.   Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

8.   Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

## JURISDICTION AND VENUE

9.   Admitted this Action arises under, *inter alia*, federal trademark law but denies that she violates such law or any other law or causes of action.

10. Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

11. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, however, Defendant denies the allegation in this paragraph.

12. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, however, Defendant denies the allegation in this paragraph.

13. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, however, Defendant denies the allegation in this paragraph.

## BACKGROUND FACTS

14. Denied.

15. It is admitted that Murillo formed ACCU with Defendant, his positions with ACCU and his stock ownership in ACCU. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

16. It is admitted that Defendant is a 50% shareholder and was the CFO and director of Plaintiff before she was forced out by Murillo. Defendant denies the remainder of this paragraph.

17. It is denied that Defendant has a purported "unilateral" ability with regards to Plaintiff's funds. It is also denied that Defendant has the sole responsibility to maintain plaintiff's books and records. Admitted as to the remainder of the paragraph.

18. Admitted as to the existence of the 8-25-21 meeting. Defendant denies the remainder of the allegation in this paragraph.

19. It is denied that the purported Exhibit A accurately memorializes what was discussed by Defendant and Murillo. It is further denied that Defendant made no comment to Exhibit A. Admitted that Murillo sent Exhibit A to Defendant.

20. It is denied that Defendant confirmed the purported resignation in her email to Murillo. Admitted as to content of the email in Exhibit B.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

21. Denied.

22. Denied.

23. Denied.

24. Denied that Plaintiff owns or utilizes any purported trademark. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

25. Denied that Plaintiff owns or utilizes any purported trademark. It is also denied that Plaintiff owns the purported tools. It is also denied that Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

26. Admitted that Imperial is Plaintiff's customer. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

27. It is denied that Plaintiff owns the purported tools and molds. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

28. Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

29. Denied.

30. Denied.

31. Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

36. It is admitted as to: (a) the referenced Citi bank account was opened for Plaintiff, funded with Plaintiff's funds with Defendant designated as the sole signatory; (b) an agreement was reached by Defendant and Murillo that the fund for both dividend checks are to be deposited into a bank account under Plaintiff's name; and (c) Defendant and Murillo agreed to issue $60k in dividend to each of Plaintiff's shareholders in August 2021. Defendant denies the remainder of this paragraph.

37. Denied.

## FIRST CAUSE OF ACTION

38. This paragraph incorporates by reference previous allegations and thus no response is required. To the extent a response is required, however, Defendant incorporates by reference all of her answers to Plaintiff's previous allegations.

39. Defendant admits this claim is based on the Lanham Act but denies that she violates such law or any other law or causes of action.

40. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, however, Defendant denies the allegation in this paragraph.

41. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, however, Defendant denies the allegation in this paragraph.

42. Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

43. Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

44. Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

45.   Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

46.   Denied as to the allegation of this Defendant, and that Plaintiff owns any trademark. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

47.   Denied.

48.   Denied.

## SECOND CAUSE OF ACTION

49.   This paragraph incorporates by reference previous allegations and thus no response is required. To the extent a response is required, however, Defendant incorporates by reference all of her answers to Plaintiff's previous allegations.

50.   Defendant admits this claim is based on the Lanham Act but denies that she violates such law or any other law or causes of action.

51.   Denied as to the allegation of this Defendant, and that Plaintiff owns any trademark. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

52.   Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

53.   Denied as to the allegation of this Defendant, and that Plaintiff owns any trademark. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

54.   Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

55. Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

56. Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

## **THIRD CAUSE OF ACTION**

57. This paragraph incorporates by reference previous allegations and thus no response is required. To the extent a response is required, however, Defendant incorporates by reference all of her answers to Plaintiff's previous allegations.

58. Defendant admits this claim is based on the Lanham Act but denies that she violates such law or any other law or causes of action.

59. Admitted.

60. Denied as to the allegation of this Defendant, and that Plaintiff owns any trademark. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

61. Denied as to the allegation of this Defendant, and that Plaintiff owns any trademark. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

62. Denied as to the allegation of this Defendant, and that Plaintiff owns any trademark. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

63. Denied as to the allegation of this Defendant, and that Plaintiff owns any trademark. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

64. Denied as to the allegation of this Defendant, and that Plaintiff owns any trademark. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

65.  Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

66.  Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

**FOURTH CAUSE OF ACTION**

67.  This paragraph incorporates by reference previous allegations and thus no response is required. To the extent a response is required, however, Defendant incorporates by reference all of her answers to Plaintiff's previous allegations.

68.  Defendant admits this claim is based on the Lanham Act but denies that she violates such law or any other law or causes of action.

69.  Denied.

70.  Denied as to the allegation of this Defendant, and that Plaintiff owns any trademark. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

71.  Denied as to the allegation of this Defendant, and that Plaintiff owns any trademark. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

72.  Denied as to the allegation of this Defendant, and that Plaintiff owns any trademark. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

73.  Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

74.  Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

## FIFTH CAUSE OF ACTION

75.  This paragraph incorporates by reference previous allegations and thus no response is required. To the extent a response is required, however, Defendant incorporates by reference all of her answers to Plaintiff's previous allegations.

76.  Denied.

77.  Denied.

78.  Denied.

79.  Denied.

80.  Denied.

81.  Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

82.  Denied.

83.  Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

84.  Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

## SIXTH CAUSE OF ACTION

85.  This paragraph incorporates by reference previous allegations and thus no response is required. To the extent a response is required, however, Defendant incorporates by reference all of her answers to Plaintiff's previous allegations.

86.  This paragraph states a legal conclusion to which no response is required. To the extent a response is required, however, Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

87.  Denied.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

1   88.  Denied as to the allegation of this Defendant. Defendant lacks sufficient

2   personal knowledge or information to either admit or deny the remainder of this

3   paragraph.

4   89.  Denied as to the allegation of this Defendant. Defendant lacks sufficient

5   personal knowledge or information to either admit or deny the remainder of this

6   paragraph.

7   **SEVENTH CAUSE OF ACTION**

8   90.  This paragraph incorporates by reference previous allegations and thus no

9   response is required. To the extent a response is required, however, Defendant

10  incorporates by reference all of her answers to Plaintiff's previous allegations.

11  91.  It is admitted that Defendant was Plaintiff's CFO and director before she

12  was forced out by Murillo. Defendant lacks sufficient personal knowledge or

13  information to either admit or deny the remainder of this paragraph.

14  92.  Denied.

15  93.  Denied.

16  94.  Denied.

17  95.  Denied.

18  96.  Denied.

19  97.  Denied.

20  98.  Denied.

21  99.  Denied.

22  100. Denied.

23  101. Denied.

24  102. Denied.

25  103. Denied.

26

27

28

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

## EIGHTH CAUSE OF ACTION

104. This paragraph incorporates by reference previous allegations and thus no response is required. To the extent a response is required, however, Defendant incorporates by reference all of her answers to Plaintiff's previous allegations.

105. Admitted as to existence of the 8-25-21 meeting. Defendant denies the remainder of this paragraph.

106. Denied that Defendant made any false representation. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

107. Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

108. Admitted as to: (a) Defendant's positions in Plaintiff; and (b) Defendant speaks Chinese. Defendant denies the remainder of this paragraph.

109. Denied.

110. Denied.

111. Denied that Defendant interferes any supplier relationship. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

112. Admitted as to Defendant's positions in Plaintiff. Defendant denies the remainder of this paragraph.

113. Denied.

114. Denied.

115. Admitted as to Defendant's positions in Plaintiff. Defendant denies the remainder of this paragraph.

116. Denied.

117. Denied.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

## NINTH CAUSE OF ACTION

118. This paragraph incorporates by reference previous allegations and thus no response is required. To the extent a response is required, however, Defendant incorporates by reference all of her answers to Plaintiff's previous allegations.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

## TENTH CAUSE OF ACTION

125. This paragraph incorporates by reference previous allegations and thus no response is required. To the extent a response is required, however, Defendant incorporates by reference all of her answers to Plaintiff's previous allegations.

126. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, however, Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

127. Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

128. Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

129. Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

130. Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

131. Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

132. Denied.

## ELEVENTH CAUSE OF ACTION

133. This paragraph incorporates by reference previous allegations and thus no response is required. To the extent a response is required, however, Defendant incorporates by reference all of her answers to Plaintiff's previous allegations.

134. Denied as to the allegation of this Defendant. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

135. Denied as to the allegation of this Defendant, and that Plaintiff owns the purported tools and molds. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

136. Denied.

137. Denied as to the allegation of this Defendant, and that Plaintiff owns the purported tools and molds. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

138. Denied.

139. Denied.

## TWELFTH CAUSE OF ACTION

140. This paragraph incorporates by reference previous allegations and thus no response is required. To the extent a response is required, however, Defendant incorporates by reference all of her answers to Plaintiff's previous allegations.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

141. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, however, Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

142. It is admitted that the referenced Citi bank account was opened for Plaintiff with Plaintiff being the owner of the account, and funded with Plaintiff's funds; and (b) Defendant is the sole signatory to the account. Defendant denies the remainder of this paragraph.

143. Denied.

144. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, however, Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

145. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, however, Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

## THIRTEEN CAUSE OF ACTION

146. This paragraph incorporates by reference previous allegations and thus no response is required. To the extent a response is required, however, Defendant incorporates by reference all of her answers to Plaintiff's previous allegations.

147. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, however, Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

148. Denied.

149. Denied.

150. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, however, Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

151. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, however, Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph.

## Prayer for Relief

Defendant lacks sufficient information or personal knowledge at this time to either admit or deny the allegations as to whether Plaintiff has been damaged in any conceivable way or by which Defendant. To the extent a response is necessary to Plaintiff's jury demand or prayer for relief, it is denied that Plaintiff is entitled to a judgment or any the requested judicial relief alleged under this section.

## II. AFFIRMATIVE AND OTHER DEFENSES

Defendant ELIZABETH YUNHONG ZOU ("Defendant") asserts the following defenses, without regard to whether they are "affirmative' defenses or matters as to which Defendant has the burden of proof:

### First Defense

1. Plaintiff's claims are barred in whole or in part because it fails to state a claim upon which relief can be granted.

### Second Defense

2. Plaintiff's claims are barred in whole or in part because it failed to join one or more indispensable Parties as required by Fed. R. Civ.P. 19.

### Third Defense

3. Plaintiff's claims are barred in whole or in part because it lacks standing to assert the claims and/or because the claims are more properly asserted by another.

### Fourth Defense

4. Plaintiff's claims are barred in whole or in part because it is estopped by its own or its agents' acts or omissions from maintaining proper claims against Defendant.

#### **Fifth Defense**

5. Plaintiff's claims are barred in whole or in part because it and/or its agents waived their right to relief, if any.

#### **Sixth Defense**

6. Plaintiff's claims are barred in whole or in part because Plaintiff's claims are untimely under the applicable statutes of limitations and/or are barred by the doctrine of laches because Plaintiff's claims are unjustifiably delayed, to Defendant's prejudice, in bringing suit and/or seeking the relief sought.

#### **Seventh Defense**

7. Plaintiff's claims are barred because Plaintiff has suffered no damages or otherwise been harmed by any conduct of Defendant.

#### **Eighth Defense**

8. Plaintiff's claims are barred in whole or in part because Plaintiff, through its actions or actions of its agents, have unclean hands.

#### **Ninth Defense**

9. Plaintiff's damages, if any, resulted from an intervening and/or superseding cause and, therefore, Defendant did not cause said damages.

#### **Tenth Defense**

10. Plaintiff's claims are barred in whole or in part because Plaintiff is not entitled to the damages or other relief sought.

#### **Eleventh Defense**

11. Plaintiff claims are barred in whole or in part because to the extent any harm to Plaintiff occurred, which Defendant denies, such harm was caused, if at all, by the conduct of one or more others and such others are either solely responsible for such acts and conduct, or alternatively, Defendant is entitled to be defended and indemnified by such others.

## Twelfth Defense

12.  Plaintiff's claims are barred in whole or in part under the doctrine of res judicata.

## Thirteenth Defense

13. Plaintiff's claims are barred in whole or in part under the doctrine of collateral estoppels. This defense is alleged in the alternative and does not admit any of the allegations contained in the First Amended Complaint.

## Fourteenth Defense

14. Plaintiff's claims are barred in whole because Defendant's conduct was at all times made in good faith, engaged in without malice, and was privileged and justified.

## Fifteenth Defense

15.  Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Plaintiff has an adequate remedy at law.

## Sixteenth Defense

16.  Plaintiff is not entitled to any relief under the law because its purported mark was not a trademark, and never commercially utilized as a trademark.

## Seventeenth Defense

17.  Plaintiff's trademark is unenforceable by because the mark itself is functional in nature and lacks the requisite distinctiveness.

## Eighteenth Defense

18.  Plaintiff's trademark is unenforceable by reason of unclean hands and trademark misuse, in that Plaintiff has brought this suit for the improper purpose of squelching competition.

## Nineteenth Defense

19. Plaintiff is barred from recovery in this action by reason of the fact that it willingly and voluntarily consented, expressly and implicitly, to any such acts or conduct as may be shown on the part of defendant.

Defendant reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation.

### III. VERIFIED COUNTERCLAIMS

1. Defendant/Counterclaimant ELIZABETH YUNHONG ZOU ("Counterclaimant") alleges her verified counterclaims against Plaintiff/Counter-Defendant ACCU CASTING CO. INC.("ACCU") and Counter-Defendant RAYMOND G. MURILLO, as follows:

### The Parties

2. Counterclaimant is and was, at all times relevant to this case, an individual residing in the State of Maryland.

3. ACCU is and was, at all times relevant to this case, a corporation registered and existing under the laws of California, with its principal place of business in Santa Fe Springs, California.

4. Counter-Defendant RAYMOND G. MURILLO("G. MURILLO") is and was, at all times relevant to this case, an individual residing in the State of California.

### Nature of the Counterclaims and Jurisdiction

5. The Court has jurisdiction of this counterclaim under 28 U.S.C. §§ 1331, 1338, 1367, and 2201.

6. Counterclaimant's claims arise from the violations of law, including breach of fiduciary duty and breach of contract, that caused damages to her.

7. The Court has personal jurisdiction over ACCU because it has subjected itself to the jurisdiction of this Court by filing the First Amended Complaint.

8. The Court has personal jurisdiction over G. MURILLO because G. MURILLO committed many of the alleged unlawful conduct against Counterclaimant in this judicial district.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) given that ACCU maintain its principle places of business in this judicial district, and that G. MURILLO committed many of the alleged unlawful conduct against Counterclaimant in this judicial district.

## Background Facts

### ACCU's Formation

10. ACCU was formed by Counterclaimant and G. MURILLO in 2014.

11. ACCU was formed mainly because of Mr. Zhijun Li, an experienced sourcing agent and buyer in China. Counterclaimant was encouraged by Mr. Li to get into the restaurant parts wholesale business because Mr. Li connection and experience with manufactories in China that would help secure goods at cost. In fact, Given the nature of the product(i.e., restaurant equipment parts), customers in this field are extremely sensitive to price.

12. In October 2014, Mr. Li, along with his daughter, entered into a written contract entitled "Corporation Agreement" with ACCU which ACCU agrees to pay Mr. Li sales commission. In return, Mr. Li agrees to "arrange factories for production", "arrange shipment" and to pay for molds and samples of restaurant equipment parts. Attached <u>Exhibit A</u> is a true and correct copy of the Corporation Agreement signed by Counterclaimant, G. MURILLO, Mr. Li and his daughter.

13. Since ACCU's inception, Mr. Li is responsible for sourcing(selecting and engaging competent manufactories), exportation(from China to U.S.) and communication with manufactory he selected. Because Mr. Li was ACCU's liaison with the manufactories in China, neither Counterclaimant or G. MURILLO had access or direct communication with manufactories selected by Mr. Li.

14. Over the years, how ACCU normally operates is that when a potential client requested certain types and amounts of equipment parts, ACCU, through Counterclaimant and/or G. MURILLO, would contact its China agent/buyer Mr. Li and order the goods from him. After the goods were made and arranged shipment to

-19-

California, the goods would be delivered to a warehouse managed by G. MURILLO's longtime friend, Hector Aguirre. From there, ACCU's customers would then pick up the goods.

15.   From 2014 to the time she was wrongfully excluded by G. MURILLO from the company, Counterclaimant expended substantial time, devotion and efforts in ACCU. Due to the time difference, Counterclaimant often had to work until midnight to process orders with Mr. Li who resides in China. To ensure the company's financial stability, Counterclaimant's starting salary from ACCU was $500 a month.

**Mr. Li's Retirement**

16.   In or about early August 2021, Counterclaimant was informed that Mr. Li is retiring and would no longer continue supply goods to ACCU. Counterclaimant was also informed that the selected factory in China is no longer interested in working with ACCU because of low margin and job difficulty.

17.   After being advised by Mr. Li, Counterclaimant discussed with G. MURILLO about ACCU's future given the lack of access and ability to directly communicate with manufactory in China.

**G. MURILLO's Reached an Agreement to Buy Counterclaimant Out**

18.   On August 25, 2021, Counterclaimant met with G. MURILLO in person. During  the meeting, G. MURILLO proposed to purchase Counterclaimant's 50% shares in ACCU because he purportedly has resources for other suppliers in China.

19.   Pursuant to G. MURILLO's representation, Counterclaimant and G. MURILLO reached an oral agreement in which Counterclaimant and G. MURILLO agree to split ACCU's cash reserves by 50-50 after ACCU collects remaining receivable and payment from shipment ACCU21-001 through ACCU21-024, which was the last shipment supplied by Mr. Li for ACCU.  In return, G. MURILLO would purchase Counterclaimant's 50% shares in ACCU.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

20. On August 26, 2021, Counterclaimant and G. MURILLO agreed that each should receive a $60,000.00 dividend from ACCU, which was confirmed via email by G. MURILLO in writing. Attached <u>Exhibit B</u> is a true and correct copy of the parties' email re: $60,000.00 dividend.

21. Relying on the agreement reached with G. MURILLO, Counterclaimant took steps to assign her responsibilities in ACCU to G. MURILLO.

**G. MURILLO's Actions Taken to Force Out Counterclaimant from ACCU**

22. Notwithstanding the oral agreement reached, G. MURILLO quickly changed his course of action by undertaking various actions against Counterclaimant. These actions were undertaken by G. MURILLO for purposes of taking full control of ACCU and more importantly, ACCU's cash reserves in excess of $900k.

23. In early September 2021, despite already being provided with the manufactory information from Mr. Li, G. MURILLO falsely accused Counterclaimant of not providing the manufactory information in an email sent to ACCU's biggest customer, Imperial. G. MURILLO's reckless action exposed ACCU and weakened the customer's confidence since G. MURILLO openly admitted to Imperial that ACCU could not communicate with its manufactory.

24. In October 2021, G. MURILLO secretly opened a new bank account with J.P Morgan Chase, naming himself as the sole owner and signatory. G. MURILLO funded this account with ACCU's cash reserves as well as payments from ACCU's customers. G. MURILLO made and continues to make suspicious withdrawals from this account. All these actions were done by G. MURILLO without: (a) proper authority from ACCU's board of directors; and (b) notice, consent or authorization of Counterclaimant.

25. Even worse, G. MURILLO has unreasonably and continues to block Counterclaimant's access to ACCU. As a result, Counterclaimant was stripped of her authority, control and access to ACCU without any legal or due process. As a result, G. MURILLO has and continues to make unauthorized withdrawals from ACCU's

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

case reserve under the disguise of purported bonus, dividend and/or salary, while depriving Counterclaimant from dividend and profit sharing despite Counterclaimant's 50% share ownership in the company.

26. On December 2, 2021, after months of preparation, G. MURILLO filed a lawsuit in Los Angeles County Superior Court, Case No. 21STCP03957. The lawsuit ended with G. MURILLO's dismissal of his third amended complaint.

27. On January 7, 2022, G. MURILLO, filed a statement of information with the California Secretary of State naming himself as the sole officer and director of the ACCU. The document conspicuously omits Counterclaimant's name from the list of directors and officers. The board of director never voted on this decision and Counterclaimant never consented.

28. As such, G. MURILLO improperly and wrongfully removed Counterclaimant as an officer and director from ACCU without any votes, consent, or court order. Attached <u>Exhibit C</u> is a true and correct copy of the January 7, 2022 Statement of Information.

**G. MURILLO Refused to Provide ACCU's Books and Records**

29. On February 4, 2022, G. MURILLO, through his attorney, attempted to further block Counterclaimant from accessing ACCU by formally demanding Counterclaimant not to access any information of ACCU, despite her undisputed status as ACCU's shareholder.

30. On February 16, 2022, Counterclaimant, through counsel, sent a formal request to ACCU requesting to review ACCU's books and records. No compliance was ever made by ACCU or G. MURILLO.

31. To date, Counterclaimant has not received the books and records she requested in February 2022.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

## COUNTERCLAIM COUNT ONE

### Violation of Cal. Corp. Code § 1600, *et seq.*

### (Against ACCU)

32.  Counterclaimant re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-31 above.

33.  Counterclaimant is a 50% shareholder of ACCU. On February 16, 2022, Counterclaimant requested books and records of ACCU, which was made in writing to ACCU as a shareholder of ACCU.

34.  ACCU has refused to provide Counterclaimant with books and record of the company.

35.  ACCU's refusal is in violation of California Corporation Code Section 1600, *et seq*.

36.  Counterclaimant is entitled to the books and records of ACCU, and an award of reasonable attorneys' fees and costs.

## COUNTERCLAIM COUNT TWO

### Breach of Fiduciary Duty

### (Against G. MURILLO)

37.  Counterclaimant re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-36 above.

38.  As the controlling shareholder, officer and director of ACCU, G. MURILLO, was and is required to use his ability to control ACCU in a fair, just and equitable manner. G. MURILLO owes Counterclaimant the fiduciary duties of disclosure, loyalty, and care.

39.  Pursuant to such fiduciary duties, G. MURILLO was required to act in the utmost good faith towards Counterclaimant, and to avoid acts and omissions adverse to Counterclaimant. By virtue of this fiduciary relationship, Counterclaimant reposed trust and confidence in the integrity of G. MURILLO.

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

40. G. MURILLO breached his fiduciary duties, including the duties of disclosure, loyalty, and care to Counterclaimant by engaging in the acts and omissions alleged above, which includes, but is not limited to, (a) excluding Counterclaimant from ACCU without proper authority, consent, or court order; (b) refusing to provide books and records for inspection; and (c) making unauthorized withdrawals from ACCU's case reserve under the disguise of purported bonus, dividend and/or salary, while depriving Counterclaimant from dividend and profit sharing despite Counterclaimant's share ownership.

41. The wrongful conduct particularized herein was not due to an honest error in in judgment, but rather to G. MURILLO's gross mismanagement, bad faith and/or reckless disregard of the rights and financial interests of Counterclaimant.

42. As a direct and foreseeable result of these breaches of fiduciary duty by G. MURILLO, Counterclaimant has sustained damages in an amount according to proof within the jurisdiction of this Court.

43. The aforementioned conduct was intentional on G. MURILLO, to thereby deprive Counterclaimant of property and legal rights and otherwise cause injury and was despicable conduct that subjected Counterclaimant to cruel and unjust hardship and oppression in conscious disregard of her rights, so as to justify an award of exemplary and punitive damages.

## COUNTERCLAIM COUNT THREE

### Breach of Contract

### (Against G. MURILLO)

44. Counterclaimant re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-43 above.

45. On August 25, 2021, Counterclaimant met with G. MURILLO in person. During the meeting, G. MURILLO proposed to purchase Counterclaimant's 50% shares in ACCU because he purportedly has resources for other suppliers in China. Pursuant to G. MURILLO's representation, Counterclaimant and G. MURILLO

reached an oral agreement in which Counterclaimant and G. MURILLO agree to split ACCU's cash reserves by 50-50 after ACCU collects remaining receivable and payment from shipment ACCU21-001 through ACCU21-024, which was the last shipment supplied by Mr. Li for ACCU. In return, G. MURILLO would purchase Counterclaimant's 50% shares in ACCU.

46. Upon information and belief, Counterclaimant alleges that the condition required by the oral agreement has occurred in that ACCU has collected payment from shipment ACCU21-001 through ACCU21-024.

47. However, G. MURILLO has failed to abide by the terms of the agreement, including by: (a) failing to maintain ACCU's case reserve for the agreed-upon split; (b) improperly making various withdrawals from ACCU's case reserve, including those deposited and/or transferred into the secret Chase bank account only accessible to G. MURILLO; and (c) failing to purchase Counterclaimant's 50% shares in ACCU.

48. As a direct and foreseeable result of these breaches of the oral agreement by G. MURILLO, Counterclaimant has sustained damages in an amount according to proof within the jurisdiction of this Court.

## COUNTERCLAIM COUNT FOUR

### For Involuntary Dissolution

### (Against ACCU)

49. Counterclaimant re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-48 above.

50. Counterclaimant is 50% shareholder of ACCU, which represents more than 33 1/3 percent of the equity of the corporation. Counterclaimant, thus, has standing to seek involuntary dissolution of the company pursuant to California Corporations Code § 1800.

51. Counterclaimant is informed and believe and based thereon allege that, based on the facts alleged above, there is internal dissension in ACCU and two

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

factions of shareholders in ACCU are so deadlocked that its business can no longer be conducted with advantage to its shareholders. (Cal. Corp. Code § 1800(b)(3).)

52. Counterclaimant is also entitled to a decree of dissolution of ACCU on the grounds that G. MURILLO has knowingly countenanced mismanagement and abuse of authority, all as alleged herein. (Cal. Corp. Code § 1800(b)(4).)

53. Counterclaimant is informed and believe and based thereon allege that, based on the facts alleged above, liquidation is reasonably necessary for the protection of the rights and interests of Counterclaimant. (Cal. Corp. Code § 1800(b)(5).)

54. Thus, in order to protect the rights and interests of each of the Shareholder, ACCU must be equitably dissolved in such a way that its asset is distributed fairly.

55. Counterclaimant is entitled to a decree winding up and dissolving ACCU and distributing its assets as provided by law.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant seeks the following judgment from the Honorable Court:

1. For a decree winding up and dissolving ACCU CASTING CO. INC.;

2. For damages in a sum to be determined according to proof, but in no event less than the jurisdictional minimum of this Court;

3. That all property, assets, gains, profits, and advantages derived by Counter-Defendants from their wrongful acts and other violations of law be deemed to be held in constructive trust for the benefit of Counterclaimant;

4. That the court entertain such proceedings as may be necessary or proper for the involuntary winding up or dissolution of ACCU CASTING CO. INC. and, in that regard, make such orders for winding up and dissolution of ACCU CASTING CO. INC. as justice and equity require;

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

1    5. That Plaintiff/Counter-Defendant ACCU takes nothing by way of its First

2       Amended Complaint;

3    6. For an award of exemplary and punitive damages;

4    7. For interest to the extent permitted by law;

5    8. For costs of suit; and

6    9. For such other and further relief as this Court deems just and proper.

7

8

9

10   DATED: October 14, 2022            L.A. COMMERCIAL ATTORNEY, APLC

11

12                                      By:   /s/ Christopher D. Lee
13                                            Christopher D. Lee
14                                            Attorneys for Defendant ELIZABETH
                                             YUNHONG ZOU
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ELIZABETH YUNHONG ZOU'S ANSWER AND COUNTERCLAIMS**

## **VERIFICATION**

I, ELIZABETH YUNHONG ZOU, am the counterclaimant in this action. I have read the foregoing counterclaim and know the contents thereof. The same is true to my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of United States that the foregoing is true and correct.

Executed on October 14, 2022.

By: _Elizabeth_____
ELIZABETH YUNHONG ZHOU

-1-