1 Christopher D. Lee (SBN: 310042)
L.A. COMMERCIAL ATTORNEY, A PROF. LAW CORP.
134 E. Valley Blvd.,
Alhambra, CA 91801
Telephone: (626)782-7383
Facsimile: (626)782-7342
Email:Christopher@lacommerciallaw.com

Attorney for Defendant/Counter-Claimant
ELIZABETH YUNHONG ZOU

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACCU CASTING CO. INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH YUNHONG ZOU, an individual; ICEMC, INC., a California corporation; CITIBANK, N.A., a National Banking Association; TD Ameritrade, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>ELIZABETH YUNHONG ZOU, an individual,<br><br>Counter-claimant,<br><br>v.<br><br>ACCU CASTING CO. INC., a California corporation; RAYMOND G. MURILLO, an individual,<br><br>Counter-defendants. | Case No. 2:22-cv-05377 MEMF (AFMx)<br><br>The Hon. Maame Ewusi-Mensah Frimpong, Judge Presiding<br><br>**DEFENDANT/COUNTER-CLAIMANT ELIZABETH YUNHONG ZOU'S SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS TO DECLARATION OF RAYMOND G. MURILLO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: May 18, 2023<br>Time: 10:00 a.m.<br>Courtroom: 8B |

**EVIDENTIARY OBJECTIONS**

Defendant/Counter-Claimant ELIZABETH YUNHONG ZOU respectfully submits the evidentiary objections to the Declaration of RAYMOND G. MURILLO and exhibits thereto as filed pertaining to Plaintiff ACCU CASTING CO. INC.'s Opposition to Motion for Summary Judgment.

<u>DECLARATION OF RAYMOND G. MURILLO</u>("Murillo Declaration")

As set forth in more detail below, the majority of Murillo Declaration is inadmissible because it is inadmissible hearsay, based on a lack of personal knowledge/foundation and/or improperly authenticated. Therefore, these statements and corresponding exhibits should be disregarded in their entirety. Defendant respectfully requests the Court sustain the below objections as follows:

| Evidence | Evidentiary Objections |
|---|---|
| Murillo Decl., ¶ 1, ln. 1("I am the …, sole director…) | Lack of Personal Knowledge/foundation as to Mr. Murillo being Accu's sole director. (Fed. R. Evid. 602)<br><br>Improper opinion testimony as to Mr. Murillo being Accu's sole director. (Fed. R. Evid. 701) |
| Murillo Decl., ¶ 2, ln. 8-9("I am Accu's President…, and its sole director.") | Lack of Personal Knowledge/foundation as to Mr. Murillo being Accu's sole director. (Fed. R. Evid. 602)<br><br>Improper opinion testimony as to Mr. Murillo being Accu's sole director. (Fed. R. Evid. 701) |
| Murillo Decl., ¶ 5, ln. 17("Prior to November, 2021, Zou was a board member…") | Lack of Personal Knowledge/foundation as to Zou being an alleged former board member.(Fed. R. Evid. 602)<br><br>Improper opinion testimony as to Zou being an alleged former board member. (Fed. R. Evid. 701) |

**EVIDENTIARY OBJECTIONS**

| Evidence | Evidentiary Objections |
|---|---|
| Murillo Decl., ¶ 6, lns. 23-25("In August, 2021, Zou announced her resignation from her positions as Accu's CFO and board member to be effective in November, 2021 with the shipment of Accu Casting Container Lot #Accu-2124.") | Inadmissible Hearsay as to the purported statement from Zou. (Fed. R. Evid. 801, 802) <br><br> Immaterial given that **Article II, Section 19 of Accu's bylaws requires any director's resignation notice must be made in writing.** (Fed. R. Evid. 402) <br><br> Lack of Personal Knowledge/foundation (Fed. R. Evid. 602) |
| Murillo Decl., ¶ 6, lns. 25-26 ("The completion of that shipment occurred on November 11, 2021.") | Lack of Personal Knowledge/foundation as to the purported shipment arrival time (Fed. R. Evid. 602) <br><br> Immaterial given that Article II, Section 19 of Accu's bylaws requires any director's resignation notice must be made in writing. (Fed. R. Evid. 402) <br><br> Inadmissible Hearsay as to the purported shipment arrival time. (Fed. R. Evid. 801, 802) |
| Murillo Decl., ¶ 6, lns. 26-28("She announced her resignation as Accu's CFO and Secretary, and as a board member, to me orally at our stockholders meeting on August 25, 2021.") | Inadmissible Hearsay as to the purported statement from Zou. (Fed. R. Evid. 801, 802) <br><br> Immaterial given that Article II, Section 19 of Accu's bylaws requires any director's resignation notice must be made in writing. (Fed. R. Evid. 402) <br> Lack of Personal Knowledge/foundation (Fed. R. Evid. 602) |

**EVIDENTIARY OBJECTIONS**

| Evidence | Evidentiary Objections |
|---|---|
| Murillo Decl., ¶ 6, lns. 1-3("Zou also confirmed her resignation in several email communications she sent to me. A selection of those communications are collectively attached as Exhibit J to the Appendix.") | Inadmissible Hearsay as to the purported statement from Zou. (Fed. R. Evid. 801, 802)<br><br>Immaterial given that **Article II, Section 19 of Accu's bylaws requires any director's resignation notice must be made in writing.** (Fed. R. Evid. 402)<br><br>Lack of Personal Knowledge/foundation (Fed. R. Evid. 602)<br><br>Inadmissible Hearsay as to the contents of Exhibit J (Fed. R. Evid. 802)<br><br>Failure to Authenticate Exhibit J. (Fed. R. Evid. 901; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002)) |
| Murillo Decl., ¶ 6, lns. 3-7 ("Following her resignation, Zou wrote to me requesting an agreement with the company's accountant that she be removed from all of the company's corporate documents so that she would have no further liability on account of her former roles with the company. That email communication is attached as Exhibit K to the Appendix.") | Inadmissible Hearsay as to what Zou stated on the purported email. (Fed. R. Evid. 801, 802)<br><br>Lack of Personal knowledge/foundation as to Zou's purported resignation and what was requested by Zou in the purported email. (Fed. R. Evid. 602)<br><br>Improper opinion testimony as to what was requested by Zou on the purported email. (Fed. R. Evid. 701)<br><br>Inadmissible Hearsay as to the contents of Exhibit K. (Fed. R. Evid. 802)<br><br>Failure to Authenticate as to Exhibit K. (Fed. R. Evid. 901; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002)) |

| Evidence | Evidentiary Objections |
|---|---|
| Murillo Decl., ¶ 7, ln.8 ("As a consequence of her resignation, Zou is no longer a director.") | Lack of Personal Knowledge/foundation as to Zou's purported resignation as a director. (Fed. R. Evid. 602)<br><br>Improper opinion testimony as to whether Zou's purported statement effectively constitutes resignation as a director of Accu. (Fed. R. Evid. 701)<br><br>Immaterial given that Article II, Section 19 of Accu's bylaws requires any director's resignation notice must be made in writing. (Fed. R. Evid. 402) |
| Murillo Decl., ¶ 8, ln. 17 ("...Zou voluntarily resigned from Accu…") | Lack of Personal Knowledge/foundation as to Zou's purported resignation. (Fed. R. Evid. 602)<br><br>Immaterial given that Article II, Section 19 of Accu's bylaws requires any director's resignation notice must be made in writing. (Fed. R. Evid. 402) |
| Murillo Decl., ¶ 8, lns. 19-22("... Indeed, in the aftermath of her resignation, Zou was so concerned that she might have continuing liability from her roles as director and CFO that she wrote to me regarding filing the necessary papers to remove her from any connection with the company. A copy of that email communication is attached hereto as Exhibit K to the Appendix.") | Lack of Personal Knowledge/foundation as to Zou's state of mind and what was requested by Zou on the purported email. (Fed. R. Evid. 602)<br><br>Inadmissible Hearsay as to what Zou stated in the purported email. (Fed. R. Evid. 801, 802)<br><br>Improper opinion testimony as to what was requested by Zou in the purported email. (Fed. R. Evid. 701)<br><br>Inadmissible Hearsay as to the contents of Exhibit K. (Fed. R. Evid. 802) |

**EVIDENTIARY OBJECTIONS**

| Evidence | Evidentiary Objections |
|---|---|
| | Failure to Authenticate as to Exhibit K. (Fed. R. Evid. 901). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) |
| Murillo Decl., ¶ 9, lns. 25-27("The company had no vice presidents. Prior to her voluntary resignation, Zou was the company's CFO, Secretary and a board member.") | Lack of Personal Knowledge/foundation as to whether Accu has a position of Vice President, and Zou's purported resignation. (Fed. R. Evid. 602)<br><br>Improper opinion testimony as to whether Accu has a position of Vice President. (Fed. R. Evid. 701)<br><br>Immaterial given Accu's admission that Zou is a Vice President in Accu's evidence submitted in support of its MSA motion(Dkt. No. 77; Exhibit 9, p.44). The Declarant, Mr. Murillo signed the same document along with Ms. Zou being the "Vice President" of Accu on 2/25/2020. (Dkt. No. 77; Exhibit 9, p.52) (Fed. R. Evid. 402) |
| Murillo Decl., ¶ 11("Notwithstanding her resignation in August, 2021, Zou continued to write checks for personal expenses on the company's accounts. For example, in December, 2021, Zou issued a cashier check from an Accu account with Citibank in the amount of $10,000 to the "Yang law firm". Then in February, 2022, Zou wrote check #1055 in the amount of $10,000 from Accu's East West Bank account to "Los Angeles Commercial Attorney" -- her current litigation counsel in this lawsuit. These expenditures, which were | Lack of Personal knowledge/foundation as to Zou's purported action of writing checks, purpose of the checks, content of the checks, whether the checks are properly authorized and whether these checks are genuine and authentic. (Fed. R. Evid. 602)<br><br>Inadmissible Hearsay as to the contents of Exhibits L & M. (Fed. R. Evid. 802)<br><br>Failure to Authenticate as to Exhibits L & M. (Fed. R. Evid. 901;*Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002)) |

| Evidence | Evidentiary Objections |
|---|---|
| unauthorized, represented payments to Zou's personal attorneys for legal work on matters where Zou was adverse to the company. True and correct copies of these checks are attached as Exhibits L and M to the Appendix. I know these checks to be genuine and authentic. As to Exhibit L, a copy of that check was produced to my counsel by Citibank in response to a request for production. I also recognize Zou's signature on the reverse side of that check. As to Exhibit M, I know that check to be genuine because it was included in one of the monthly bank statements from East West Bank which I received in 2022. In addition, I recognize Zou's signature on the payor line.") | Inadmissible Hearsay as to the statement re: Exhibit L was produced to Mr. Murillo's counsel by another defendant. (Fed. R. Evid. 801, 802)<br><br>Improper opinion testimony as to whether the purported checks were properly authorized by Accu. (Fed. R. Evid. 701) |
| Murillo Decl., ¶ 12, ln. 20-23("I did this after Zou's resignation to protect the company's assets in circumstances where Zou continued to have signature authority over those accounts. Indeed, and as noted above, Zou used that signature authority to make unauthorized disbursements out of those accounts.") | Lack of Personal knowledge/foundation as to Zou's purported resignation, whether Zou has signature authorities over the unspecified accounts, or whether the purported disbursements were properly authorized by Accu. (Fed. R. Evid. 602)<br><br>Improper opinion testimony as to whether the purported disbursements were properly authorized by Accu. (Fed. R. Evid. 701) |
| Murillo Decl., ¶ 12, ln. 24-25("Following her resignation, I learned that Zou was involved in setting up a competing company (ICEMC), with her son as the "President" of this company.") | Lack of Personal knowledge/foundation as to Zou's purported resignation and involvement in forming ICEMC. (Fed. R. Evid. 602)<br><br>Improper opinion testimony. (Fed. R. Evid. 701) |

DATED: April 20, 2023

Respectfully submitted,

Christopher D. Lee

/s/Christopher D. Lee
Christopher D. Lee
Attorneys for Defendant/Cross-Complainant
ELIZABETH YUNHONG ZOU