UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCU CASTING CO. INC.,<br><br>          Plaintiffs,<br><br>     v.<br><br>ELIZABETH YUNHONG ZOU; ICEMC, INC.; CITIBANK, N.A.; TD AMERITRADE, and DOES 1 through 10, inclusive;<br><br>          Defendants. | Case No.:  2:22-cv-05377 MEMF (AFMx)<br><br>**ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART MOTION TO STRIKE  [ECF NOS. 49 and 50]** |

Before the Court are two motions filed by Plaintiff Accu Casting Co. Inc. ("Accu Casting"): a Motion to Dismiss Defendant Elizabeth Yunhong Zou's ("Zou's") first and fourth counterclaims (ECF No. 49), and a Motion to Strike Zou's affirmative defenses (ECF No. 50).  As discussed in more detail below, the Motion to Dismiss is DENIED, and the Motion to Strike is GRANTED IN PART.

/ / /

/ / /

/ / /

/ / /

1

**BACKGROUND**

I. **Factual Background**[1]

Accu Casting was co-founded by Zou and Counterclaim Defendant Raymond Murillo ("Murillo") in 2014. ¶ 10. Accu Casting specialized in importing restaurant equipment parts from China. ¶ 11. In August 2021, Zhijun Li ("Li")—who had served as Accu Casting's liaison with various manufacturing facilities in China—decided to retire. ¶¶ 13, 17. Li's retirement prompted discussions between Zou and Murillo about Accu Casting's future, given that Accu Casting had depended on Li for access to and communications with manufacturing facilities in China. ¶ 17. Zou was also informed that one particular factory in China was no longer interested in working with Accu Casting, because of "low margin and job difficulty." ¶ 16. Murillo initially orally agreed to purchase Zou's shares in Accu Casting, but then changed his course of action and sought to unilaterally take full control of Accu Casting and its cash reserves. ¶¶ 18, 22. A series of disputes and accusations followed. ¶¶ 23-25. In January 2022, Murillo removed Zou from Accu Casting's Board of Directors without a vote and without Zou's consent, and filed paperwork with the California Secretary of State indicating Zou's removal. ¶¶ 27-28. In February 2022, Zou sent a formal request to inspect the books and records of Accu Casting. ¶ 30. To date, Accu Casting has not allowed any inspection. ¶ 31.

II. **Procedural History**

Accu Casting filed its initial complaint on August 2, 2022 against Zou and others, alleging a significantly different version of the events described above. ECF No. 1. Accu Casting filed a First Amended Complaint on September 23, 2022, alleging sixteen causes of action against Zou and several other defendants not relevant to this Order. ECF No. 27. Zou filed her Answer and Counterclaims on October 17, 2023.[2] ECF No. 41. In it, she asserted two counterclaims against Accu Casting, for Violation of Cal. Corp. Code § 1600, et seq. and for Involuntary Dissolution, as

---

[1] All facts stated herein are taken from the allegations in Zou's Counterclaims unless otherwise indicated. ECF No. 41.

[2] Zou filed an earlier version of her Answer and Counterclaims on October 11, 2023, ECF No. 32, which appears to be identical but is missing exhibits included in the later version.

2

well as two counterclaims against Murillo, for Breach of Fiduciary Duty and Breach of Contract. *See id.* at 23-25. She also asserted nineteen affirmative defenses. *Id.* at 15-18.

Accu Casting filed a Motion to Dismiss the first and fourth counterclaims on November 7, 2022 ("MTD"). ECF No. 49. Each of the challenged counterclaims are counterclaims against Accu Casting; the motion does not address the two counterclaims against Murillo. *See id.* Also on November 7, 2023, Accu Casting filed a Motion to Strike all nineteen of Zou's affirmative defenses ("MTS"). ECF No. 50. On April 6, 2023, Zou filed oppositions to both the Motion to Dismiss ("MTD Opp." (ECF No. 86)) and the Motion to Strike ("MTS Opp." (ECF No. 87)). On April 13, 2023, Accu Casting filed replies in support of each motion ("MTD Reply" (ECF No. 89) and "MTS Reply" (ECF No. 90)).

On May 17, 2023, the Court sent a tentative version of this Order to Accu Casting and Zou, in advance of a hearing scheduled for May 18, 2023. On May 18, 2023, Counsel for Accu Casting and Zou jointly contacted the Court and informed the Court that they agreed to submit on the Court's tentative ruling rather than proceeding with the scheduled hearing.[3] Accordingly, the Court took the hearing off the calendar.

## **MOTION TO DISMISS (ECF NO. 49)**

### I. **Relevant Legal Standards**

Accu Casting brings its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)") and Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). The standards for each are laid out below.

#### A. Rule 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) provides that a party may move to dismiss a case for "improper venue." Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . ." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). Venue may be proper in:

---

[3] The only substantive difference in this version of the Order is that the Court has made explicit that those affirmative defenses that the Court has determined do not constitute affirmative defenses may not be amended.

3

"a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2). If no district would be proper pursuant to either option above, then venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3).

If a case is brought in a district that is not the proper venue, then the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "These provisions . . . authorize dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought." *Atl. Marine*, 571 U.S. at 55 (2013); *see also In re Hall, Bayoutree Assocs.*, 939 F.2d 802, 804 (9th Cir. 1991) (determining that dismissal for improper venue must be without prejudice).

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") allows a party to seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Labels, conclusions, and "formulaic recitation of a cause of action's elements" are insufficient. *Twombly*, 550 U.S. at 545.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**II.     Discussion**

Accu Casting's Motion to Dismiss seeks dismissal of Zou's first and fourth counterclaims. *See* MTD at 5. Accu Casting bases its Motion to Dismiss on two arguments.

First, regarding Zou's first counterclaim, Accu Casting argues that "there is no civil action on behalf of a stockholder against the corporation relating to the inspection of corporate records." *Id.* at 5. Accu Casting argues that a stockholder's sole remedy is to seek a writ from a California Superior Court, rather than to file a civil suit seeking inspection in this Court. *See id.* Hence, Accu Casting argues that Zou's first counterclaim (for inspection of the books and records of Accu Casting, *see* ECF 41 at 23) should be dismissed.

Second, Accu Casting argues that venue is improper for Zou's first and fourth counterclaims. *See* MTD at 5. Both of these claims—for inspection of corporate books and records, and for the dissolution of the corporation—are based on California statutes, which Accu Casting argues require that the claims be brought in California courts as opposed to federal court. *See id.* Accu Casting accordingly argues that Zou's first and fourth counterclaims should be dismissed.

For the reasons discussed below, each of these arguments fail, and Accu Casting's Motion to Dismiss is DENIED.

**A. California Law Authorizes Zou's Suit for Inspection of Corporate Records**

Zou's first counterclaim asserts that Zou is "entitled to the books and records of [Accu Casting]" pursuant to California Corporations Code § 1600, *et seq* ("Chapter 16"). *See* ECF No. 41 at 23. Zou alleges that she first made a demand to inspect, which Accu Casting refused in violation of the law, and she is now therefore entitled to the corporate records and an award of reasonable attorneys' fees. *See id.* Accu Casting argues that Zou's counterclaim is not authorized by relevant law, and so must be dismissed. Accu Casting first argues that the relevant statutory scheme "does not provide an aggrieved shareholder with a private right of action against the company." MTD at 6.

Accu Casting then makes a series of arguments suggesting that even if there is a right of action, the way in which Zou pursued her counterclaim was improper.

First, the Court finds that the statutory scheme does indeed create a private right of action. Chapter 16—the chapter encompassing California Corporations Code § 1600 through § 1605—is entitled "Rights of Inspection." *See* Cal. Corp. Code §§ 1600-1605. It contains a series of provisions giving shareholders and/or directors certain rights to inspect the "books and records" of corporations. *See id.* It dictates that after "refusal [by a corporation] of a lawful demand for inspection," "the superior court of the proper county, may enforce the right of inspection with just and proper conditions." Cal. Corp. Code §1603(a) (emphasis added). The statute clearly authorizes courts to act to protect the rights of private litigants.

Accu Casting argues that such rights can only be enforced via a writ of mandamus. In support of this, Accu Casting cites a recent case where the procedural history shows that the plaintiff pursued inspection via a writ of mandamus. *See* MTD Reply at 3-4, citing *Farnum v. Iris Biotechnologies Inc.*, 86 Cal. App. 5th 602, 605-06 (2022). But the *Farnum* court did not hold that a writ of mandamus is the *only* way in which a party may seek inspection of corporate records. *See Farnum*, 86 Cal. App. 5th 602. Nor did it even consider the question.[4] *See id.* Accu Casting cites no authority showing that attempts to seek inspection via means other than a writ of mandamus must be dismissed as a matter of law, and the court is aware of none. Based on the plain text of the statute, the Court finds no such requirement. Further, the California Court of Appeal has made clear that the provisions of Chapter 16 "must be liberally construed" because it is a "remedial statute." *Havlicek v. Coast-to-Coast Analytical Servs., Inc.*, 39 Cal. App. 4th 1844, 1856 (1995). In light of this guidance, the Court sees no reason to cabin the statute so narrowly to writs of mandamus. Accordingly, the Court holds that a shareholder may file a civil suit seeking inspection, and need not necessarily pursue a writ of mandamus.

---

[4] Accu Casting also cited two additional cases that stand for the same proposition—that a litigant can use a writ of mandamus to pursue inspection. *See* MTD at 6, citing *Johnson v. Langdon*, 135 Cal. 624 (1902); *Homestake Mining Co. v. Superior Ct. of City & Cnty. of San Francisco*, 11 Cal. App. 2d 488 (1936). These cases do not hold that a writ of mandamus is the only means available for obtaining this relief.

Finally, Accu Casting cites authority suggesting that before a *director* may be sued in his or her personal capacity pursuant to Chapter 16, the plaintiff must first prevail in a suit against the corporation. *See* MTD at 6-7 (citing *JAH Ints. V, LLC v. Nutrition 53, Inc.*, No. 221CV00173JAMKJN, 2021 WL 1813171 (E.D. Cal. May 6, 2021)). This principle is inapplicable here where Zou is bringing this claim only against Accu Casting, the corporation.

In sum, no authority prohibits Zou's first counterclaim for inspection of corporate records. This argument fails.

### B. Venue is Proper in this Court

Accu Casting next argues that under California law Zou's first and fourth counterclaims both "should have been brought in Los Angeles Superior Court" as opposed to this Court. MTD at 8. Having reviewed the briefing and relevant authority, the Court finds no support for this position.

At the outset, the Court notes that venue for the counterclaims is proper under the typical federal court test. Venue may be proper in either "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1406(b)(1)-(2).[5] The only defendant to the two counterclaims at issue is Accu Casting, a California corporation with its principal place of business at Santa Fe Springs, California, within this judicial district. ECF No. 27 ¶ 1. Hence the first provision applies. If it did not, the second provision appears to apply as well. Accu Casting's records appear to be located within this district, and a substantial part of the events at issue in the counterclaims (and the lawsuit more broadly) occurred within this district. *See* ECF No. 41 at 19-22. Accordingly, venue is proper under federal law.

But Accu Casting makes a different argument: that relevant California statutes make Los Angeles Superior Court the only valid venue for this claim. *See* MTD at 8-9. Accu Casting makes clear in its Reply that it is not arguing that California courts have exclusive *jurisdiction*. *See* MTD

---

[5] As discussed above, there is also a fallback provision if neither of these applies, which the Court need not reach here.

Reply at 4 ("Zou cites the **jurisdictional** statute even though the point of the underlying motion is that the proper **venue** . . . is Superior Court) (emphasis in original). Although Accu Casting argues in passing that the Court might opt not to exercise supplemental jurisdiction, Accu Casting does not question that this Court has jurisdiction. *See* MTD Reply at 5. Accu Casting only takes issue with venue.

This argument is based on an overly simplistic reading of the relevant statutes: Chapter 16 (as to the first counterclaim) and California Corporate Code § 1800(a) (as to the fourth counterclaim) ("Section 1800"). Both statutes make reference to "the superior court of the proper county." *See* Cal. Corp. Code § 1603(b) (Upon refusal of a lawful demand for inspection, the superior court of the proper county, may enforce the right of inspection . . ."); Cal. Corp. Code § 1800(a) (A verified complaint for involuntary dissolution of a corporation . . . may be filed in the superior court of the proper county . . ."). The Court finds that the plain language of the statutes at issue does not support Accu Casting's position, nor does the authority cited by Accu Casting. The statutes dictate that these actions *may* be filed in the Superior Court. *See* Cal. Corp. Code § 1603(b); Cal. Corp. Code § 1800(a). The statutes do not state the Superior Court is the exclusive venue. And although Accu Casting cites practice guides that explain that venue is proper in the Superior Court, even these guides do not state venue is improper in federal court. *See* MTD at 8. Accu Casting cited no authority holding as such, and the court is aware of none.[6]

Seeing no authority otherwise, the Court holds that venue is proper in this district. Accu Casting's second argument fails.

### C. Conclusion

For the foregoing reasons, the Motion to Dismiss is DENIED.

**MOTION TO STRIKE (ECF No. 50)**

---

[6] Recent cases demonstrate that federal courts somewhat regularly hear cases pursuant to both Chapter 16 and Section 1800. *See, e.g.*, *Toutov v. Curative Labs Inc.*, No. 220CV11284ODWMAAX, 2021 WL 3883607 (C.D. Cal. Aug. 31, 2021) (Chapter 16); *John Brown Univ. v. Charisma in Missions, Inc.*, No. 15CV08890ABAGRX, 2016 WL 7448113 (C.D. Cal. Mar. 25, 2016) (Section 1800). The Court notes that Accu appears to rely heavily on the fact that these are state law claims which make reference to the Superior Court. But this reasoning—if extended—would preclude most of what is commonly heard in federal court pursuant to diversity jurisdiction.

## I. Relevant Legal Standards

Accu Casting moves to strike all of Zou's affirmative defenses. *See* ECF No. 50. Although the issues vary slightly by defense, there are two main arguments raised by Accu Casting: (1) the affirmative defenses are inadequately plead; and (2) the affirmative defenses fail as a matter of law. Either of these might be valid grounds to strike an affirmative defense. The standards for each argument are laid out below.

### A. Pleading Standard for Affirmative Defenses

The Ninth Circuit has made clear that that "fair notice" is the standard to determine whether an affirmative defense was properly plead, and it "only requires describing the defense in 'general terms.'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). An affirmative defense is adequately pled if it gives the opposing party "fair notice of the defense" such that the other party may rebut the defense or strategize accordingly. *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

The Ninth Circuit cases quoted above were all from slightly different procedural postures than the ones this Motion to Strike presents. Rather than dealing with a motion to strike an affirmative defense early in the case, *Wyshak, Simmons*, and *Kohler* all addressed whether, near the end of a case, a party seeking to assert an affirmative defense had adequately pled that defense at the start. *See Wyshak*, 607 F.2d at 826-27; *Simmons* 609 F.3d at 1022-23; *Kohler*, 779 F.3d at 1019. But despite that slight distinction, the holdings are clear: "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons* 609 F.3d at 1023 (quoting *Wyshak*, 607 F.2d at 827). Fair notice was the rule in the Ninth Circuit prior to *Twombly* and *Iqbal*, and it continues to be the rule after *Twombly* and *Iqbal*. *See Wyshak*, 607 F.2d at 827 (establishing fair notice rule in 1979); *Simmons* 609 F.3d at 1023 (applying fair notice rule and quoting *Wyshak* in 2010, after both *Twombly* and *Iqbal*); *Kohler*, 779 F.3d at 1019

(applying fair notice rule in 2015). The Court is aware of no binding authority contravening the clear instructions from *Wyshak*, *Simmons*, and *Kohler*.[7]

However, even under the fair notice rule, some factual support may be required to give a party fair notice of a defense. For affirmative defenses that are easily understood, no factual detail is required. But if it is not apparent how the defense applies, and facts are necessary to give the other party fair notice, an affirmative defense is not adequately pled absent factual context.

### B. Other Relevant Standards

An affirmative defense might also fail as a matter of law, even if it adequately pled to give fair notice. There are two principal ways this might occur.

First, a claimed "affirmative defense" might simply not be an affirmative defense at all. An affirmative defense is one that negates liability even if the plaintiff proves all allegations. *See Defense,* Black's Law Dictionary (11th ed. 2019). So, a "defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). For this reason, district courts within the Ninth Circuit commonly strike purported affirmative defenses that are "not true affirmative defenses. *See, e.g.*, *Castellano*, 2015 WL 7423821 at *2 (E.D. Cal. Nov. 23, 2015); *Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF SHX, 2013 WL 1831686 at *3 (C.D. Cal. Apr. 30, 2013)

---

[7] Accu cites to numerous district court cases that apply the *Iqbal/Twombly* standard. These cases are not binding on this Court and given clear Ninth Circuit guidance post *Iqbal*/*Twombly*, the Court does not follow these other cases. See MTD at 10-11, citing *J & K IP Assets, LLC v. Armaspec, Inc.*, No. 3:17-cv-07308-WHO, 2018 U.S. Dist. LEXIS 118467, at *8 (N.D. Cal. July 16, 2018); *Illumina, Inc. v. BGI Genomics Co.*, No. 19-cv-03770 WHO, 2020 U.S. Dist. LEXIS 19216, at *18 (N.D. Cal. Feb. 5, 2020); *Pertz v. Heartland Realty Inv'rs, Inc.*, No. 19-cv-06330-CRB, 2020 U.S. Dist. LEXIS 3116, at *2 (N.D. Cal. Jan. 8, 2020) ; *Fishman v. Tiger Nat. Gas Inc.*, No. C 17-05351 WHA, 2018 U.S. Dist. LEXIS 159425, at *7 (N.D. Cal. Sep. 18, 2018).

Furthermore, an examination of Federal Rule of Civil Procedure 8 further supports the notion that *Twombly* and *Iqbal* do not apply to affirmative defenses. Rule 8(a)(2) governs complaints, while Rule 8(c) governs affirmative defenses, and they have notable differences in their language. *See* Fed. R. Civ Pro. 8(a)(2); 8(c). Rule(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ Pro. 8(a)(2). Rule 8(c) only requires that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ Pro. 8(c). *Twombly* and *Iqbal* specifically addressed the "plain statement" requirement of Rule 8(a)(2), and neither addressed Rule 8(c). *See Twombly*, 550 U.S. at 557; *Iqbal*, 556 U.S. at 687. Rule 8(c) does not include a requirement of a plain statement. *See* Fed. R. Civ Pro. 8(c). In light of these differences in language, there is no reason to extrapolate *Twombly* and *Iqbal*'s reasoning on to Rule 8(c) and affirmative defenses.

Second, an affirmative defense might fail as a matter of law if it cannot possibly apply to the claims at hand. Courts commonly strike such defenses as well. *See, e.g.*, *Castellano*, 2015 WL at \*3 (striking defense that was "inapplicable to a discrimination claim."); *Vogel*, 2013 WL 1831686 at \*4 (similar).

Unless there is prejudice to the other party, leave to amend and add affirmative defenses should be freely given. *Wyshak*, 607 F.2d at 826.

**II.     Discussion**

Accu Casting's Motion seeks to strike all 19 affirmative defenses Zou raises. The Court will address each affirmative defense in turn.

For all true affirmative defenses stricken below, Zou is granted leave to amend. The Court sees no basis to find any prejudice to Accu Casting from allowing leave to amend these, and so leave to amend must be granted.[8] *See Wyshak*, 607 F.2d at 826. The court notes that Zou's Opposition suggested that she is aware of facts that would help clarify several of the Defenses.

**A.     First Affirmative Defense: Failure to State a Claim**

Zou's first affirmative defense is that Accu Casting's claims "fail[] to state a claim upon which relief can be granted." ECF No. 41 at 15. This is not an affirmative defense. It argues there this is a defect in Accu Casting's case, not that if Accu Casting proved its case, Zou should escape liability. *See Zivkovic*, 302 F.3d at 1088. This affirmative defense is STRICKEN without leave to amend.

**B.     Second Affirmative Defense: Failure to Join Indispensable Party**

Zou's second affirmative defense is that Accu Casting's claims are "barred in whole or in part because it failed to join one or more indispensable Parties as required by Fed. R. Civ. P. 19." ECF No. 41 at 15. This might be a valid affirmative defense, but it fails to provide fair notice. *See Kohler*, 779 F.3d at 1019. Zou must provide some context as to which parties she believes Accu Casting failed to join, otherwise Accu Casting is unable to rebut this or strategize. *See Simmons* 609 F.3d at 1023. This affirmative defense is STRICKEN without leave to amend.

---

[8] Those defenses that are not proper affirmative defenses at all obviously may not be amended.

### C. Third Affirmative Defense: Standing

Zou's third affirmative defense is that Accu Casting's claims "are barred in whole or in part because [Accu Casting] lacks standing." ECF No. 41 at 15. Like Zou's first purported affirmative defense, this is not actually an affirmative defense. It raises a fundamental defect with the claim. This affirmative defense is STRICKEN without leave to amend.

### D. Fourth Affirmative Defense: Estoppel

Zou's fourth affirmative defense is that Accu Casting's claims "are barred in whole or in part because it is estopped by its own or its agents' acts or omissions from maintaining proper claims against Defendant." ECF No. 41 at 15. This might be a valid affirmative defense, but it needs more factual support to provide fair notice and allow Accu Casting to rebut it. *See Simmons* 609 F.3d at 1023. Zou must provide some detail on what acts or omissions she bases her estoppel theory on. This affirmative defense is STRICKEN with leave to amend.

### E. Fifth Affirmative Defense: Waiver

Zou's fifth affirmative defense is that Accu Casting's claims "are barred in whole or in part because it and/or its agents waived their right to relief." ECF No. 41 at 16. This is a potentially valid affirmative defense, but as with estoppel above, it does not have sufficient detail to provide notice. *See Simmons* 609 F.3d at 1023. Zou must provide some detail on what she alleges constituted waiver. This affirmative defense is STRICKEN with leave to amend.

### F. Sixth Affirmative Defense: Statute of Limitations / Laches

Zou's sixth affirmative defense is that Accu Casting's claims are barred by "the applicable statutes of limitations" and/or "the doctrine of laches" due to unjustified delay. ECF No. 41 at 16. This is a potentially valid affirmative defense. However, Zou should provide more detail as which specific statutes of limitations apply, or more detail on her laches theory. *See Wyshak*, 607 F.2d at 827 (finding notice sufficient where defendant explained which specific statute of limitations was asserted as a defense). This affirmative defense is STRICKEN with leave to amend.

### G. Seventh Affirmative Defense: No Damages

Zou's seventh affirmative defense is that Accu Casting's claims "are barred because Plaintiff has suffered no damages or otherwise been harmed." ECF No. 41 at 16. This is not an affirmative

defense, as it argues that Accu Casting cannot prove damages, an essential element of plaintiff's case in chief. *See Zivkovic*, 302 F.3d at 1088. This affirmative defense is STRICKEN without leave to amend.

### H. Eighth Affirmative Defense: Unclean Hands

Zou's eighth affirmative defense is that Accu Casting's claims are barred "because [Accu Casting], through its actions or actions of its agents, have unclean hands." ECF No. 41 at 16. This is potentially valid, but lacks sufficient factual detail. Unclean hands could encompass a broad range of conduct, and Zou must provide some cursory detail on what conduct is alleged to put Accu Casting on notice so it can plan accordingly. *See Simmons* 609 F.3d at 1023. This affirmative defense is STRICKEN with leave to amend.

### I. Ninth Affirmative Defense: Intervening / Superseding Cause

Zou's ninth affirmative defense is that Accu Casting's "damages, if any, resulted from an intervening and/or superseding cause and, therefore, Defendant did not cause said damages." ECF No. 41 at 16. This is not an affirmative defense, as it argues that Accu Casting cannot prove causation, an essential element of plaintiff's case in chief. *See Zivkovic*, 302 F.3d at 1088. This affirmative defense is STRICKEN without leave to amend.

### J. Tenth Affirmative Defense: Not Entitled to Relief Sought

Zou's tenth affirmative defense is that Accu Casting's claims "are barred in whole or in part because Plaintiff is not entitled to the damages or other relief sought." ECF No. 41 at 16. This appears to be an argument that Accu Casting cannot validly prove damages. It is not an affirmative defense, as it seeks to undermine an essential element of the plaintiff's case in chief. *See Zivkovic*, 302 F.3d at 1088. This affirmative defense is STRICKEN without leave to amend.

### K. Eleventh Affirmative Defense: Entitled to Indemnification

Zou's eleventh affirmative defense is that Accu Casting's claims are barred because any harm was caused by others and Defendant is entitled to be indemnified by these others. ECF No. 41 at 17. This, like the ninth purported affirmative defense, attacks causation, an essential element plaintiff's case in chief. It is not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088. This affirmative defense is STRICKEN without leave to amend.

### L. Twelfth Affirmative Defense: Res Judicata

Zou's twelfth affirmative defense is that Accu Casting's claims are barred by res judicata. This would be a valid affirmative defense if true. ECF No. 41 at 17. But it lacks sufficient detail to provide notice. *See Simmons* 609 F.3d at 1023. Zou must at least allege what decision or decisions she believes form the basis of res judicata. This affirmative defense is STRICKEN with leave to amend.

### M. Thirteenth Affirmative Defense: Collateral Estoppel

Zou's thirteenth affirmative defense is that Accu Casting's claims are barred by collateral estoppel. ECF No. 41 at 17. This would be a valid affirmative defense if true. But like the res judicata defense above, this defense lacks sufficient detail to provide notice. *See Simmons* 609 F.3d at 1023. Zou must at least allege what the basis is for collateral estoppel. This affirmative defense is STRICKEN with leave to amend.

### N. Fourteenth Affirmative Defense: Good Faith / Privileged / Justified

Zou's fourteenth affirmative defense is that her conduct was "all times made in good faith, engaged in without malice, and was privileged and justified." ECF No. 41 at 17. The argument that conduct was privileged or justified can in some circumstances be an affirmative defense. *See, e.g. Richardson v. La Rancherita*, 98 Cal. App. 3d 73, 80 (Ct. App. 1979) "Justification . . . is an affirmative defense and not an element of plaintiff's cause of action."). But there are a broad range of possible privileges or justifications, and it is not obvious to the Court which one might apply here. This catchall pleading fails to provide notice of what Zou intends to argue. Zou must plead with more specificity on what basis her conduct was privileged or justified. This affirmative defense is STRICKEN with leave to amend.

### O. Fifteenth Affirmative Defense: No Immediate or Irreparable Injury, and Adequate Relief at Law

Zou's fifteenth affirmative defense is that Accu Casting "is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Plaintiff has an adequate remedy at law. ECF No. 41 at 17. Lack of an adequate remedy at law is a requirement for injunctive relief. *See Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996). Hence, this attacks an essential element

1  of the plaintiff's case in chief, and is not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088.
2  This affirmative defense is STRICKEN without leave to amend.

### P. Sixteenth Affirmative Defense: Not a Trademark

Zou's sixteenth affirmative defense is that Accu Casting "is not entitled to any relief under the law because its purported mark was not a trademark, and never commercially utilized as a trademark." ECF No. 41 at 17. This is an attack on plaintiff's case in chief, as Accu Casting's trademark claims require that Accu Casting's mark be a trademark. It is not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088. This affirmative defense is STRICKEN without leave to amend.

### Q. Seventeenth Affirmative Defense: Functional / Lacks Distinctiveness

Zou's seventeenth affirmative defense is that Accu Casting's "trademark is unenforceable by because [sic] the mark itself is functional in nature and lacks the requisite distinctiveness." ECF No. 41 at 17. Both functionality and distinctiveness are elements of the trademark validity inquiry. *See Valu Eng'g, Inc. v. Rexnord Corp.*, 278 F.3d 1268 (Fed. Cir. 2002) ("a mark is not registrable if the design described is functional"); *Surgicenters of Am., Inc. v. Med. Dental Surgeries, Co.*, 601 F.2d 1011, 1014 (9th Cir. 1979) (a mark being "distinctive of the applicant's goods" is one way to create "a valid trademark"). This, like the sixteenth purported affirmative defense above, is an attack on plaintiff's case in chief, and not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088. This affirmative defense is STRICKEN without leave to amend.

### R. Eighteenth Affirmative Defense: Unclean Hands / Trademark Misuse

Zou's eighteenth affirmative defense is that Accu Casting's "trademark is unenforceable by reason of unclean hands and trademark misuse, in that Plaintiff has brought this suit for the improper purpose of squelching competition." ECF No. 41 at 17. Unclean hands is an affirmative defense in a trademark action. *See Metal Jeans, Inc. v. Metal Sport, Inc.*, 843 F. App'x 898, 900 (9th Cir. 2021) (analyzing standard of review for "unclean hands affirmative defense"). And, unlike the other unclean hands defense asserted (Eight Affirmative Defense), Zou made clear here what specifically she alleges constituted unclean hands. The Motion is DENIED as to this affirmative defense.

### S. Nineteenth Affirmative Defense: Consent

Zou's nineteenth affirmative defense is that Accu Casting "is barred from recovery in this action by reason of the fact that it willingly and voluntarily consented, expressly and implicitly, to any such acts or conduct as may be shown on the part of defendant." ECF No. 41 at 17. This does not appear to be an affirmative defense. If Accu Casting consented to Zou's conduct, it would very likely prevent Accu Casting from proving its case in chief, although the specific details of how would vary across Accu Casting's thirteen causes of action. To the extent that consent might be an affirmative defense to some cause of action, it is not plead with sufficient detail here to make clear how and put Accu Casting on notice. *See Simmons* 609 F.3d at 1023. Thus, this affirmative defense is STRICKEN with leave to amend.

## CONCLUSION

For the reasons stated herein, Accu Casting's Motion to Dismiss is DENIED. Accu Casting's Motion to Strike is GRANTED IN PART. Zou's affirmative defenses nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 19 are STRICKEN. Zou is GRANTED leave to amend some of her affirmative defenses as described above.

IT IS SO ORDERED.

Dated: May 19, 2023

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge